### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

RAYMOND STRONG,

     Petitioner,

v.                                                              Case No.  5:22-cv-83-TKW-MJF

STATE OF FLORIDA, *et al.*,

     Respondents.

_____/

## REPORT AND RECOMMENDATION

The State of Florida is prosecuting Petitioner for murder. In an effort to thwart that prosecution, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 11. Petitioner also filed a motion to stay his state criminal proceedings. Doc. 6. Because a state criminal prosecution already is pending and Petitioner can assert any meritorious defenses in that case, the District Court should apply the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and dismiss this action without prejudice.

### I. BACKGROUND

**A.**    **Petitioner's Charge of Second-Degree Murder**

While incarcerated at the Holmes Correctional Institution, Petitioner had an altercation with another inmate. Doc. 11 at 29. The inmate died because of the injuries he sustained during this altercation. *Id.*

Page 1 of 12

On April 19, 2020, the Florida Department of Corrections ("FDC") issued to Petitioner a disciplinary report for "Aggravated Battery or Attempted Aggravated Battery on an Inmate." *Id.* at 29-30. In May 2020, a disciplinary panel for the FDC found Petitioner guilty of this infraction. *Id.* at 19. Petitioner asserts that he was placed in confinement for eighteen months and that he lost "gain time." *Id.* at 35.

The State then charged Petitioner with second-degree murder. Doc. 11 at 10, 24-28. Petitioner's criminal proceeding remains pending in a Florida court. *Id.* at 24-28.

### B.    **Petitioner's State Filings**

In his pending state criminal case, Petitioner filed a motion asserting that he was entitled to immunity based on Florida's "stand your ground" law. Doc. 1 at 2. On February 10, 2021, Judge Timothy Register conducted an evidentiary hearing and found that Petitioner was not entitled to relief. *Id.* at 2, 29-36. Therefore, the motion was denied. *Id.* 29-36. Petitioner filed a motion for rehearing, and Judge Register denied the motion for rehearing. *Id.* at 2, 37-38.

Petitioner then filed a writ of prohibition with the First District Court of Appeal ("First DCA") and again asserted that he was entitled to immunity. The First DCA denied the writ without an opinion or explanation. *Id.* at 2, 39. Petitioner filed a motion for clarification with the First DCA, and the First DCA denied this motion. Doc. 1 at 2, 40.

Thereafter, Petitioner sought review of the First DCA's denial of Petitioner's writ of prohibition from the Florida Supreme Court. *Id.* at 2. The Florida Supreme Court dismissed Petitioner's request and explained that "[t]his Court lacks jurisdiction to review an unelaborated decision from a district court of appeal that is issued without opinion or explanation or that merely cites to an authority that is not a case pending review in, or reversed or quashed by, this Court." *Id.* at 42.

On February 13, 2022, Petitioner filed a "Motion for Notification of Placement and Unconstitutional Detain Request Order" with the Florida Supreme Court. Doc. 11 at 42-48. Petitioner sought "discharge" as "he has been tried once on this offense." *Id.* at 48. The Florida Supreme Court treated the motion as a petition for writ of habeas corpus and transferred the petition to the Circuit Court of the Fourteenth Judicial Circuit in and for Holmes County, Florida. *Id.* at 49.

On June 24, 2022, Petitioner filed a "Motion for Arrest of the Judgment and to Dismiss Case" in his pending state criminal case. *Id.* at 31. Petitioner asserted that the criminal case should be dismissed based on double-jeopardy grounds. *Id.*

On July 11, 2022, Circuit Judge Russell S. Roberts denied Petitioner's motion to the extent he challenged his prosecution based on alleged double jeopardy. Doc. 11 at 40. Additionally, Judge Roberts denied Petitioner's "Moton for Notice of Placement and Unconstitutional Detain Request Order" because it was "legally insufficient." *Id.* at 52.

C.    <u>**This Action**</u>

On April 29, 2022, Petitioner commenced the instant action by filing a motion for writ of certiorari. Doc. 1. He requested that the District Court review the Florida Supreme Court's final decision on Petitioner's "stand your ground" defense. The undersigned advised Petitioner that 28 U.S.C. § 1257(a) did not confer jurisdiction on the District Court to hear an "appeal from a state court decision." Doc. 5 at 3. Additionally, the undersigned warned Petitioner that his claims likely would be subject to dismissal pursuant to the abstention doctrine set forth in *Younger*. *Id.* at 5 & n.1.

Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 11. Petitioner asserts two grounds for relief: (1) the State is denying him due process by requiring him to stand trial—where he can assert a self-defense argument—rather than granting him pretrial immunity on the "stand your ground" defense; and (2) the State is violating the Double Jeopardy Clause by prosecuting Petitioner after he was already disciplined for the same conduct by the FDC's prison disciplinary board. Petitioner seeks his release from State custody and to bar the State from prosecuting him. *Id.* at 22; *id.* at 20 (asking that the court "withhold prosecution"); Doc. 6 at 2 (requesting a stay of the criminal proceedings in state court).

## II. Discussion

Section 2241 of Title 28 of the United States Code empowers district courts to grant a writ of habeas corpus in certain circumstances. 28 U.S.C. § 2241(a). Under section 2241, a writ of habeas corpus shall not extend to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

Section 2241's reference to "prisoner" includes state pretrial detainees. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004). Although a state pretrial detainee may file a section 2241 petition, such claims are "rare" and "extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014); *Hughes*, 377 F.3d at 1261. That is because habeas-corpus proceedings under section 2241 are not intended to serve "as a substitute for the functions of the trial court." *Henry v. Henkel*, 235 U.S. 219, 229 (1914). Thus, "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918).

### A.   Petitioner's Claims Are Barred by the *Younger* Abstention Doctrine

"[W]hen a petitioner seeks federal habeas relief prior to a pending state criminal trial[,] the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief." *Hughes*, 377 F.3d at 1262.

In *Younger*, the Supreme Court held that federal courts should not enjoin a pending state criminal proceeding unless an injunction is necessary to prevent immediate irreparable injury. 401 U.S. at 53-54. As the Supreme Court stated: "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45. The Supreme Court's *Younger* decision was based on a strong federal policy against federal-court interference with pending state judicial proceedings. *Id.* at 44 ("[T]he National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."); *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009).

The *Younger* Court noted that abstention was necessary to afford "proper respect for state functions" and legitimate state interests. *Younger*, 401 U.S. at 44. By "abstaining from exercise of their jurisdiction, the federal courts promote the value of comity between the states and the federal government and avoid unnecessary determinations of federal constitutional questions." *Liedel v. Juv. Ct. of Madison Cnty.*, 891 F.2d 1542, 1546 (11th Cir. 1990); *First Ala. Bank of Montgomery, N.A. v. Parsons Steel, Inc.*, 825 F.2d 1475, 1483 (11th Cir. 1987).

Accordingly, *Younger* generally calls for federal courts to abstain if (1) the federal action would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; (3) the underlying state proceedings

afford litigants an adequate opportunity to raise federal claims; and (4) there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Tokyo Gwinnett, LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1268 (11th Cir. 2019); *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003); *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997).

There is no dispute that Petitioner is seeking federal relief that would interfere with an ongoing state criminal proceeding. Petitioner has specifically requested this court enjoin the state proceeding and bar any further criminal prosecution of Petitioner.

Additionally, the state proceedings implicate important state interests insofar as they are criminal in nature. *Younger*, 401 U.S. at 41-44. State governments have an important interest in prosecuting alleged crimes, protecting public safety, and punishing criminal offenders. *Oklahoma v. Castro-Huerta*, 597 U.S. ___, ___, 142 S. Ct. 2486, 2501-02 (2022); *Calderon* v. *Thompson*, 523 U.S. 538, 556 (1998). "It goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government . . . ." *Patterson v. New York*, 432 U.S. 197, 201 (1977).

Petitioner has not shown that he lacks an adequate state forum in which to raise his claims. "An adequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014); *see Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988). The burden is on Petitioner to show that the state procedure is inadequate, and Petitioner has not done so. Petitioner has not asserted that there is a procedural bar to raising his denial of a "stand your ground" immunity defense at the conclusion of trial, nor would such an argument have merit. *See Morris v. McNeil*, No. 4:20CV49-MW/HTC, 2020 WL 2372990, at *5 (N.D. Fla. Apr. 28, 2020), *report and recommendation adopted*, 2020 WL 2341172 (N.D. Fla. May 11, 2020) (dismissing habeas petition that challenged the denial of "stand your ground" immunity and prosecutorial misconduct); *Robinson v. Stone*, No. 3:09-CV-228, 2009 WL 1956242, at *3 (N.D. Fla. July 6, 2009).

Petitioner also has failed to demonstrate the existence of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate. The mere fact that Petitioner must defend himself in state criminal proceedings does not indicate that he will suffer irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution [is not] considered 'irreparable' in the special legal sense of that term."). Accordingly, because the *Younger* abstention doctrine applies and

Petitioner has failed to show that an exception exists, the District Court should not enjoin the state criminal proceeding.

**B.    Petitioner Is Not Entitled to Relief on His Double-Jeopardy Claim**

In addition to the *Younger* abstention doctrine, Petitioner has not alleged a proper double-jeopardy violation and is, therefore, not entitled to any relief on the second ground in his habeas petition.[1] The Double Jeopardy Clause prohibits "a second prosecution for the same offense after acquittal," "a second prosecution for the same offense after conviction," and "multiple punishments for the same offense." *United States v. Mayes*, 158 F.3d 1215, 1219 (11th Cir. 1998) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Petitioner asserts that he cannot be prosecuted by the State because he already received an administrative hearing and was sanctioned by the FDC for the same offense conduct. *See* Doc. 11 at 19, 29-30; Doc. 13 at 7-9.

In *Mayes*, federal prisoners brought a double-jeopardy challenge arguing that their superseding indictment unconstitutionally subjected them to criminal liability for the same conduct that formed the basis of disciplinary sanctions imposed by the

---

[1] In some instances, abstention under *Younger* would be inappropriate when a petitioner raises a meritorious double-jeopardy claim. *Gilliam v. Foster*, 75 F.3d 881, 905 (4th Cir. 1996) ("When the record demonstrates that a second state criminal trial will constitute a violation of the defendant's double jeopardy rights, federal court intervention is appropriate); *see Willhauck v. Flanagan*, 448 U.S. 1323, 1325 (1980) (discussing the application of *Younger* to claims of double jeopardy).

Bureau of Prisons. *Mayes*, 158 F.3d at 1219. In assessing the prisoners' claims, the Eleventh Circuit noted that "[p]rison officials have no authority to alter the inmates' original criminal sentences. They merely implement disciplinary proceedings that may, at most, change the conditions of the inmates' confinement for purposes of maintaining institutional order and encouraging compliance with prison rules." *Id.* at 1224. Thus, the prison disciplinary sanctions imposed, which allowed a combination of disciplinary transfers to maximum security prisons, disciplinary segregation for 60 days, disallowance of between 41 and 94 days of accrued good-conduct time, temporary losses of telephone, commissary, and/or recreational privileges, and losses of visitation privileges for up to one year, were not so punitive as to override the government's intent to create remedial administrative penalties for inmate misconduct. *Id.*

Here, Florida prison officials cannot alter an inmates' original criminal sentence through the prison disciplinary process. *See* Fla. Admin. Code R. 33-601.314 § 1-10 (listing maximum disciplinary actions as loss of all gain time and/or 60 days in disciplinary confinement); Doc. 11 at 35 (noting that the FDC placed Petitioner in confinement for eighteen (18) months and that he lost gain time). Further, it does not appear that the State intended the proceedings under these disciplinary provisions to be "criminal." *See Mayes*, 158 F.3d at 1223-24; *see* Fla. Admin. Code R. 33-601.301(1) ("Inmate behavior that is not in compliance with

department rules shall be corrected through the disciplinary process."). Thus, the FDC disciplinary process and punishment does not preclude the State from also charging Petitioner for the same offense conduct. *Mayes*, 158 F.3d at 1224-25.

Petitioner, therefore, has not alleged a constitutional violation and is not entitled to relief on his double-jeopardy claim. *Mayes*, 158 F.3d at 1224; *Welch v. Epps*, 103 F. App'x 828, 829 (5th Cir. 2004) (holding that a mere change in custodial status does not qualify as a second "punishment" for double-jeopardy purposes); *Taylor v. Gomez*, 182 F.3d 927 (9th Cir. 1999) (concluding that the inmate's double-jeopardy argument lacked merit and that the district court correctly reasoned that his custody classification "is not punishment, but rather a method for housing inmates based on their behavior"); *Langton v. Berman*, 667 F.2d 231, 233, 234 (1st Cir. 1981) (holding that a loss of good-time credits did not violate the Double Jeopardy Clause because the Double Jeopardy Clause applies only to criminal or quasi-criminal proceedings). Accordingly, Petitioner's double-jeopardy claim must be denied.

## III. CONCLUSION

Because Petitioner's claims are subject to the *Younger* abstention doctrine, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice Petitioner's habeas petition;

2. **DENY** Petitioner's motion to stay his criminal proceedings, Doc. 6; and

3. **DIRECT** the clerk of the court to close this case file.

**SO ORDERED** this <u>10th</u> day of August, 2022.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**